Smith, P. J.
The plaintiff herein commenced an action in a justice’s court agáinst the defendant, to recover damages alleged to have been caused by defendant’s cattle breaking into and destroying the plaintiff’s buckwheat.' Issue having been joined, the plaintiff recovered a judgment for six cents damages, besides costs, from which he appealed to the county court, and there the judgment was reversed. The order now appealed from, denied a motion made by the defendant to set aside the judgment of reversal. The motion was made upon the ground that no notice of the appeal was served upon the defendant. In opposition to the motion- it was shown that Mr. Wright, an attorney of the court, accepted service of the notice of appeal, and appeared for the defendant in the' county court and acted for him in the appeal. Whether he was authorized by the defendant to do so, was a question in dispute upon the motion.
That the notice of appeal was not served upon the defendant personally, is undisputed. Mr. Wright’s affidavit was read, in which he stated that he was retained to try the case for the defendant before the justice ; that at the close of the trial there, the plaintiff and his attorney said in the presence of Wright and the defendant that the ease would be appealed; that the defendant and Wright talked about it, and Wright “ told plaintiff that probably from plaintiff’s talk he would appeal,, and defendant told deponent, Wright, to attend to, or see to, it, and depoent said he would.” “ That supposing it was fully understood, as it must have been from this talk, that he was retained in *497 case there was an appeal, be admitted service of the notice of appeal, and appeared for defendant therein.” The affidavit of Mr. Greenfield, the plaintiff’s attorney, was also read, in which he stated that he did say at the trial before the justice that the case would be appealed, and both Wright and defendant replied to it, and from what was then said deponent supposed that Mr. Wright was to appear for defendant on the appeal; that deponent went to Mr. Wright’s office and said to him: “I suppose you are to appear for Kenyon on the appeal.” He replied that he was, and thereupon gave me the notice of retainer annexed to the judgment roll. That deponent acted in perfect good faith in so doing, and supposed Mr. Wright was authorized to appear for defendant.”
The alleged conversation at the trial before the justice was denied by the defendant, and his son and a third person, who deposed that they were present, and that they heard nothing of it. The defendant also denied that he ever authorized Wright to appear or act for him in the appeal.
The appellant’s counsel contends that the affidavit of Wright shows nothing more than that he was authorized to act for defendant, if the case was appealed, and that until an appeal was perfected, he had no authority to act. And that as an appeal could only be made, by service of notice on the defendant personally, his assuming to accept service of notice was unauthorized. That construction of the language used appears too narrow. Both attorneys seem to have understood it otherwise. The defendant was notified by the conversation that the case would be appealed, so that he might safely dispense with service of the notice on him if service was made on his attorney. There is no reason to suspect collusion between the attorneys. Mr. Greenfield says he acted in good faith, supposing from what he heard said between the defendant and Wright that the latter was authorized to act as he did.
The contention of the defendant’s counsel that the denial of the motion is against the weight of evidence cannot be sustained. The conflict of evidence was such, that the decision of the county court is conclusive.
We also think the order should be affirmed, by reason of the defendant’s laches. The notice of appeal was served on Wright the 13th of March, and on the 19th of May following, Wright informed defendant by letter that the case was appealed by service on him, and would be argued at some future time. The letter was received by the defendant on the 21st of May. Tt would seem that if he had not authorized Wright to accept service and appear for him, he would, at once on the receipt of that information, have gone to Wright and asked for an explanation. For a few days, at least, and for how many his affidavit does not disclose, he did nothing. When he acted, *498 instead of seeking Mr. Wright, who lived in the town of Moravia, he Avent from his residence in Venice, to the city of Auburn to consult his present attorney, Mr. Tryon, and upon his'advice wrote to Mr. W right for an explanation, stating that he understood the appeal was invalid because no notice had been served upon defendant. The date of that letter does not appear. Defendant deposes upon his information and belief that it was received by Wright before the appeal was argued, but the source of his information is not stated, nor any fact on which his belief is based. He received a reply from Wright, dated the 16th of June, stating that service of notice of appeal on him was of the same effect as if served on defendant, and. that the appeal had been argued some ten days before, but had not been decided. After the receipt of that letter, the defendant says, but how long after he does not state, he again Avent to Auburn and was there advised that “ nothing further could be done until the result of the argument Avas learned.” He seems to have AAmited accordingly until he ascertained that the appeal was decided against him, and then on the 22d of July, he took action in the case by moving to set aside the judgment. At any time after he was informed of the pendency of the appeal he might have moved to dismiss it upon the same ground on Avhieh he afterwards sought to get rid of the judgment. Having lain by for several weeks, and. taken the chances of the result of the appeal, he was too late with his motion.
It may be questioned whether the defendant is not confined to his remedy against the attorney, if he has been prejudiced by his action, there being no evidence that the attorney is insolvent, and also whether the order of the county court is one resting in discretion, and therefore not appealable, but as the order must be affirmed upon the grounds above discussed, it is unnecessary to consider those questions.
The order should be affirmed with ten dollars costs and disbursements.
Babkee, Haight and Bradley, JJ., concur.
So ordered.